IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN TURNER,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. C 11-05624 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a California inmate currently incarcerated at the San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against SQSP officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Federal Rule of Civil Procedure 8(a) requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). At the other end of the spectrum, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and also may be the basis for dismissal. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

The complaint filed by Plaintiff is deficient in that it does not set forth the short and plain statement of each of the claims and does not contain simple, concise and direct averments, as required by Federal Rule of Civil Procedure 8. Plaintiff names 13 Defendants against whom he alleges a variety of unrelated problems – e.g., the unconstitutional use of "GPS tracking devices" at SQSP, discrimination and retaliation based on various false rule violation reports filed against him from 2003 through 2011, denial of visitation with his girlfriend, and the destruction of "business matters" – which results in a laundry list of grievances. Requiring Defendants to attempt to frame a response to the complaint would be unfair.

Plaintiff must file an amended complaint. His amended complaint must cure the

deficiencies discussed above.  First, he must state each claim separately in his amended complaint.  For each claim, he must allege the facts showing his entitlement to relief from the Defendants.  However, "[s]pecific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

Second, the amended complaint must identify (in each claim) each and every Defendant who Plaintiff proposes to hold liable on that claim.  Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant.  He should not refer to them as a group, i.e., "the defendants"; rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1998) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).  Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e., no liability under the theory that one is responsible for the actions or omissions of an employee.  Liability under § 1983 arises only upon a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Third, the complaint does not satisfy Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  On its face, Plaintiff's complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not appear to contain a question of law or fact that is common to all Defendants.  In his amended complaint, Plaintiff may only allege claims that: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or

occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2). Claims that do not satisfy Rule 20(a) must be alleged in separate complaints.

Lastly, Plaintiff must show that he administratively exhausted each of the claims presented in his complaint. The only inmate appeal to which Plaintiff make reference is from October 2002, in which he complains of staff misconduct. (Compl. Attach. at 6.) Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).

For the foregoing reasons, Plaintiff's Complaint is DISMISSED with LEAVE TO AMEND within thirty (30) days of the date of this Order.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT **within thirty (30) days** from the date this order is filed, containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. See Fed. R. Civ. P. 20(a)(2). The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The amended complaint must include the caption and civil case number used in this order (11-05624 EJD (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Claims and defendants not included in the First Amended Complaint will not be

considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. See Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated Defendants and be subject to the fee requirements. See 28 U.S.C. § 1915.

**Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to Plaintiff.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

DATED: 4/5/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MELVIN TURNER,

        Plaintiff,

  v.

DEPT. OF CORRECTIONS AND REHABILITATION, et al.,

        Defendants.
                                          /

Case Number: CV11-05624 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    4/6/2012   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melvin Turner B-78955
San Quentin State Prison
P. O. Box 78955
San Quentin, CA 94974

Dated:    4/6/2012

Richard W. Wieking, Clerk
/S/ By: Elizabeth Garcia, Deputy Clerk